IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DAVID JORDAN, individually and on )
behalf of all others similarly situated, )
                                      Plaintiff, )
                          v. )   CASE NO. 5:16-cv-04413
MECHEL BLUESTONE, INC., )
and )
DYNAMIC ENERGY, INC., )
                                Defendants. )

## COMPLAINT

This action arises out of a violation of the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. Section 2101 et seq. Defendant, Mechel Bluestone, Inc., in conjunction with its subsidiary Dynamic Energy, Inc., failed to provide the sixty-days notice required under the WARN Act to certain employees prior to closing their plant and laying off the employees.

Plaintiff brings this action on his own behalf and on behalf of those employees of Defendant who are similarly situated, for statutory damages, costs, and fees, pursuant to the WARN Act.

### Parties

1.     Plaintiff, David Jordan ("Jordan"), was a full-time employee of Mechel Bluestone, Inc. for over eight and a half years. Jordan worked for Mechel Bluestone at the Coal Mountain Surface Mine No. 1 ("Coal Mountain") in Wyoming County, West Virginia when he was laid off without notice in December 2013. Jordan resides in Saulsville, Wyoming County, West Virginia.

2.     Mechel Bluestone, Inc., (hereinafter "Bluestone" or "Mechel Bluestone") is a

1

Delaware corporation, with its mailing address and principal place of business at 100 Cranberry Creek Drive, Beckley, Raleigh County, West Virginia.

3. Dynamic Energy, Inc. is a West Virginia Corporation, with its mailing address and principal place of business at 100 Cranberry Creek Drive, Beckley, Raleigh County, West Virginia.

### Facts

4. Prior to December 30, 2013, Bluestone employed more than 100 employees, including Plaintiff, excluding part-time employees.

5. Prior to December 30, 2013, Bluestone owned several mining facilities that produced coal for preparation in Wyoming County, West Virginia.

6. At all times relevant to this action, Bluestone's mining facilities in Wyoming County were under Bluestone's *de jure* and *de facto* ownership and control as an employer and a mine operator.

7. Bluestone owned, controlled, operated, and maintained the Coal Mountain Surface Mine No. 1 through its subsidiary Dynamic Energy, Inc.

8. Coal Mountain Surface Mine No. 1 is located near Baileysville, Wyoming County, West Virginia.

9. Coal Mountain Surface Mine No. 1 constituted a "single site of employment" for purposes of the WARN Act.

10. All of the employees at the Coal Mountain Surface Mine No. 1 site—including those that Defendants referred to as employees of "Dynamic Energy - Justice Highwall Miner," were engaged in a common operational purpose, under common management, used common equipment, and were under Bluestone's *de facto* and *de jure* management, maintenance, and control.

11. Plaintiff was employed at Bluestone's Coal Mountain Surface Mine No. 1 at the time

2

that he was laid off on December 30, 2013.

12. On Saturday, December 28, 2013, Mr. Jordan was working day shift at Coal Mountain. At the end of that shift, the general mine foreman Todd "Shaggy" Bradford was in the parking lot area informing the outgoing miners, including Mr. Jordan, that they were laid off for an indefinite period of time.

13. Effective no later than the 30-day period ending on or about Monday, December 30, 2013, at least approximately 128 full-time employees, including Plaintiff, were laid off by Defendants at the Coal Mountain Surface Mine No. 1. *See* Exhibit 1 (partial list of Bluestone employees laid off in November and December 2013, with the relevant subsidiaries noted).

14. Neither the Plaintiff, nor a representative of his collective bargaining unit of the United Mine Workers of America, received written notice that the employees would be laid off prior to the occurrence of their layoffs in 2013.

15. Full-time employees laid off by Defendants were not all provided with the graduation days and the holiday pay due to them.

16. Medical and dental insurance for full-time employees laid off by Defendants on or about December 30, 2013 were terminated less than 60 days following the layoffs.

### Violations of the WARN Act

17. Plaintiff repeats and re-alleges paragraphs 1 through 15 as though fully set forth herein.

18. Bluestone is an employer as defined by 29 U.S.C. § 2101(a)(1), for purposes of the WARN Act, because Bluestone is a business enterprise that either employed one hundred (100) employees, excluding part-time employees, or employed one hundred or more employees who in the aggregate worked at least 4,000 hours per week (exclusive of hours of overtime).

19. The Plaintiff is an affected employee as defined by 29 U.S.C. § 2101(a)(5), for purposes of the WARN Act, because he is an employee who reasonably expected to experience an employment loss, and who did in fact experience an employment loss, as a consequence of a plant closing or mass layoff ordered by Bluestone.

20. As an employer under the WARN Act, Bluestone had an obligation pursuant to 29 U.S.C. § 2102 to provide written notice to its affected employees or to a representative of its affected employees at Coal Mountain Surface Mine No. 1 for a period of at least sixty (60) days prior to the planned plant closing or mass layoff.

21. Plaintiff and Bluestone's other aggrieved and affected employees experienced an employment loss because they were separated from work, without cause, for a period exceeding 6 months, as a result of the 2013 idling of operations, which constituted a plant closing at Coal Mountain Surface Mine No. 1.

22. Alternatively, Plaintiff and Bluestone's other aggrieved and affected employees at Coal Mountain Surface Mine No. 1 experienced an employment loss as a result of the 2013 mass layoff, in which they were laid off for a period exceeding 6 months.

23. Bluestone failed to provide a written notice to Plaintiff, or his union representative, or to Bluestone's other affected employees at Coal Mountain Surface Mine No. 1 prior to closing the plant or carrying out the mass layoff.

24. As a result of the plant closing or mass layoff, at least approximately 128 of Bluestone's employees, excluding part-time employees, and including Plaintiff, who collectively comprised more than thirty-three percent (33%) of the employees at Coal Mountain Surface Mine No. 1, experienced an involuntary, continuous, and ongoing employment loss for a period well in excess of six (6) months, which continues to cause them substantial economic and other harm.

## Class Allegations

25. Plaintiff repeats and re-alleges paragraphs 1 through 23 as though fully set forth herein.

26. Pursuant to Rule 23(a)-(b), Plaintiff brings this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who were laid off, as set forth above, at Coal Mountain Surface Mine No. 1.

27. The proposed class would be defined as: All full-time employees who were subject to a reduction in force at Coal Mountain Surface Mine No. 1 from November 30, 2013 to December 30, 2013.

28. The Class Members are so numerous that joinder of all Class Members is impracticable because it is estimated that Bluestone laid off at least approximately 128 of its employees in violation of the WARN Act.

29. There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual Class Members. The principal question in this case is whether Bluestone's failure to provide notice constituted a violation of the WARN Act.

30. The claims and defenses of the Plaintiff are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Bluestone's wrongful conduct in violation of the WARN Act.

31. The Plaintiff will fairly and adequately protect the interest of the Class Members because Plaintiff has demonstrated his commitment to this claim by researching his rights and seeking counsel, and because Plaintiff is represented by counsel who are competent and experienced, including experience representing coal miners in WARN Act litigation involving Mechel Bluestone.

32. A class action is superior to all other available methods for the fair and efficient

adjudication of this controversy because (a) joinder of all Class Members is impracticable, (b) the Class Members are likely unemployed and not in a position to retain counsel, and (c) each individual Class Member has suffered damages that are merely modest. Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this forum will promote judicial economy.

### Damages and Relief Requested

33. Pursuant to Rule 23(a), (b), & (c), and 29 U.S.C. § 2104(a)(5), and other applicable law, Plaintiff requests that the Court certify that Plaintiff and all other similarly-situated workers from Bluestone's plant closing or mass layoff, as set forth above, constitute a single class.

34. Plaintiff requests that the Court designate him as a class representative as permitted by 29 U.S.C. § 2104(a)(5).

35. Plaintiff requests that the Court appoint the undersigned attorneys as class counsel.

36. As a result of Bluestone's WARN Act violations, Plaintiff requests that the Court order Bluestone to pay Plaintiff and all other Class Members, up to the maximum amount of statutory damages, including interest, to the extent permitted in 29 U.S.C. Sections 2104(a)(1) & (2).

37. Plaintiff requests that the Court order Bluestone to pay Plaintiff's reasonable attorneys' fees, litigation expenses, and other costs that Plaintiff incurs in pursuing this action as authorized by 29 U.S.C. § 2104(a)(6).

38. Plaintiff requests that the Court grant him and all other Class Members any such other relief as it may deem just and proper, together with interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

                                              Plaintiff,
                                              **David Jordan,**
                                              By counsel:

/s/ SAMUEL B. PETSONK
Samuel B. Petsonk (WVSB # 12418)
Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
(304) 344-3144
Fax: (304) 344-3145
Email: sam@msjlaw.org
bren@msjlaw.org