IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID JORDAN,

                    Plaintiff,

v.                                                    CIVIL ACTION NO.   5:16-cv-04413

MECHEL BLUESTONE, INC.
and DYNAMIC ENERGY, INC.,

                    Defendants.


## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Complaint* (Document 1), the *Motion of Defendants to Dismiss Complaint* (Document 4), and the *Plaintiff's Response in Opposition to Motion to Dismiss* (Document 6).   For the reasons stated herein, the Court finds that the motion should be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff, David Jordan, initiated this action on May 17, 2016, by filing his complaint in the United States District Court for the Southern District of West Virginia, Beckley Division. He named Mechel Bluestone (hereinafter, "Bluestone") and its subsidiary, Dynamic Energy, as Defendants. The Plaintiff alleges that he was a full-time employee of Bluestone at its Coal Mountain Surface Mine No. 1 in Wyoming County, West Virginia, in December of 2013. The Plaintiff alleges that Bluestone's Coal Mountain Surface Mine No. 1 was wholly owned, controlled, operated, and maintained by Dynamic Energy, Inc.   According to the complaint, on

Saturday, December 28, 2013, while leaving the Coal Mountain Surface Mine No. 1, the general mine foreman informed the Plaintiff that he and approximately one hundred twenty-seven (127) other employees were laid off for an indefinite period of time.[1]   Neither the Plaintiff, nor a representative of his collective bargaining unit of the United Mine Workers of America, received written notice that he or other employees would be laid off prior to the occurrence of their layoffs on December 28, 2013.

The Plaintiff alleges violations of the Worker Adjustment and Retraining ("WARN") Act, 29 U.S.C. § 2101 *et seq.*, and seeks the maximum amount of statutory damages, including interest, reasonable attorneys' fees, litigation expenses, and other costs incurred.   Defendants filed their motion to dismiss on June 8, 2016.   The Plaintiff responded on June 27, 2016.   The motion is ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.   *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).   "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"   *Id*.   Federal Rule of Civil Procedure 8(a)(2)

---

[1] The Plaintiff and other employees laid off from Coal Mountain Surface Mine No. 1 were originally sought to be included as class members in *Ray v. Mechel Bluestone, Inc., et al.*, 5:15-cv-03014 (Document 15).   However, this Court denied the plaintiff's motion for class certification to include the employees of Coal Mountain Surface Mine No. 1 in that action (*Ray v. Mechel Bluestone, Inc., et al.*, 5:15-cv-03014 (Document 32)).   The Plaintiff therefore filed this action on behalf of himself and the employees of Coal Mountain Surface Mine No. 1.

requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint."   *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).   Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.)   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.)   In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."   *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.)   "Determining whether a complaint states [on its face] a plausible claim for relief [which

3

can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### DISCUSSION

The Defendants move to dismiss the Plaintiff's complaint, asserting that the Plaintiff's

alleged WARN Act violations were not timely filed.   The Defendants argue that the appropriate

statute of limitations on WARN Act violations in West Virginia is two years.   The Plaintiff argues

that the proper statute of limitations for WARN Act claims in West Virginia is five years, and

therefore the complaint was timely filed and should not be dismissed.

According to the Supreme Court of the United States, the WARN Act as codified in 29

U.S.C. § 2101 *et seq.* contains no statute of limitations.   *North Star Steel Co. v. Thomas*, 515 U.S.

29, 32 (1995).   Because Congress failed to include a statute of limitations, the Supreme Court

held in *North Star Steel* that statute of limitations questions concerning the WARN Act should be

resolved by applying the statute of limitations from the "most closely analogous" state law to the

federal act.   *Id.* at 34, 36.

The Fourth Circuit Court of Appeals has not addressed the appropriate state law statute of

limitations to apply to WARN Act claims.   In *Bell v. Philips Electronics N.V. of the Netherlands*,

however, the Northern District of West Virginia heard the issue and ruled that the five-year statute

of limitations in the West Virginia Wage Payment and Collection Act (WVWPCA) should apply

to WARN Act claims.   *Bell v. Philips Electronics N.V. of the Netherlands*, 897 F.Supp. 938, 940

(N.D.W.Va. 1995).   In *Bell*, similar to the case at hand, the plaintiffs brought an action under the

WARN Act, and the defendant moved to dismiss based on the complaint being untimely filed.   *Id.*

at 939.   The plaintiffs argued that WARN Act claims in West Virginia should be subject to the

4

five-year statute of limitations in the WVWPCA, while the defendant employer argued that such claims should be subject to West Virginia's two-year statute of limitations applicable to personal injury suits. *Id.*

The *Bell* court ultimately found that the WVWPCA was closely analogous to the WARN Act, and that the five-year statute of limitations in the WVWPCA was better suited for WARN Act claims than was the two-year statute of limitations applicable to personal injury actions. *Id.* at 940. In applying the five-year statute of limitations to the WARN Act claim, the court found that the "legislative purpose [of the WVWPCA] of allowing discharged employees remedies for enforcement and salary" was similar to the legislative purpose of the WARN Act, and that "the remedies available under both [the WARN Act and the WVWPCA] are quite similar in that they mandate payment based on the employees' regular rate of pay for a certain period and are triggered by the employers' failure to comply with a statutory duty." *Id.*

This Court agrees with the analysis of the Northern District of West Virginia. The Defendants in the case at hand argue that the two-year statute of limitations should control because claims for wrongful discharge in West Virginia generally arise in tort. The Defendants rely on *Luczkovich v. Melville Corp.*, a decision from the Eastern District of Virginia, to bolster their position. However, in *Luczkovich*, the district court found that the statute of limitations in Virginia's wrongful discharge law should apply to WARN Act claims in Virginia specifically because Virginia's wrongful discharge law did not treat wrongful discharge claims as though they arose in tort. *Luczkovich v. Melville Corp.*, 911 F.Supp. 208 (E.D.Va. 1996) ("[T]he court must reject the plaintiff's argument [that the two-year personal injury statute of limitations should apply]

5

because there is no basis at common law or in common sense for the contention that a WARN Act violation causes personal injury.  A WARN Act injury is an economic injury.").

Wrongful discharge actions in West Virginia have a long legal history of arising in tort, unlike Virginia's wrongful discharge law.  *See, McCourt v. Oneida Coal Co., Inc.*, 425 S.E.2d 602 (W.Va. 1992); *Stanley v. Sewell Coal Co.*, 285 S.E.2d 679 (W.Va. 1981); *Shanholtz v. Monongahela Power Co.*, 270 S.E.2d 178 (W.Va. 1980).  Thus, even under the reasoning of *Luczkovitch*, West Virginia's wrongful discharge law is not analogous to the WARN Act, and therefore, its two-year statute of limitations should not apply.  As the *Bell* court held, the WVWPCA was created for a similar purpose and closely analogizes the WARN Act in that both statutes create rights "that would not exist but for the statute and but for an employer's refusal to comply with a legislatively determined standard to ease the financial burden on terminated employees."  *Bell*, 897 F. Supp. at 938.  Clearly, a WARN Act claim does not arise in tort, and the statute of limitations applicable to torts or personal injury actions is not that which is the "most closely analogous" to such claims.

Therefore, the Court finds that West Virginia's Wage Payment and Collection Act is the state law most closely analogous to the WARN Act, and the five-year statute of limitations in the WVWPCA applies to WARN Act claims in West Virginia.  Because the Plaintiff filed his complaint within five years of the Defendants' alleged WARN Act violations, the Plaintiff's complaint is timely and should not be dismissed.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Motion of Defendants to Dismiss Complaint* (Document 4) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    October 21, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7