**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF  WEST VIRGINIA**
**BECKLEY DIVISION**

| | | |
|---|---|---|
| **DAVID JORDAN, individually and on** | ) | |
| **behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  5:16-cv-04413** |
| | ) | **Honorable Irene C. Berger** |
| **MECHEL BLUESTONE, INC.,** | ) | |
| **and** | ) | |
| **DYNAMIC ENERGY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO ENFORCE MEDIATION AGREEMENT, ENJOIN EX PARTE**
**SETTLEMENTS, CERTIFY CLASS, AND APPROVE LIMITED CLASS DISCOVERY**

NOW COMES Plaintiff David Jordan, by and through counsel, pursuant to Rule 23(b)(3),

noting to the Court that Defense counsel has been actively seeking settlements on the side with

individual class members after signing a Mediation Agreement to settle this class action on a

class-wide basis—a Mediation Agreement that provides more damages per capita than what the

Defendants have proposed in the side-agreements.  A number of the class members with whom

the Defendants have solicited side agreements are, upon information and belief, still currently

employed by the Defendants. So, the Defendant's actions are causing members of the agreed-

upon class to be pressured by their employer to settle for a discount value and are also depriving

those members of adequate notice to opt out of the class after full written notice of the settlement

reached in this matter.  Accordingly, in order to avoid prejudice to the class, Plaintiff moves for

this Honorable Court to enforce the Mediation Agreement regarding class settlement that was

reached by Magistrate Aboulhosn, that the Court certify this proceeding as a class action against

Defendants, and that the Court order a limited period of thirty days for class discovery so that the size of the common fund may be ascertained.

The substantial grounds upon which this motion is based are set forth in the supporting memorandum tendered contemporaneously herewith.

1.      On December 5, 2016, the Parties reached a Mediation Agreement with the assistance of Magistrate Aboulhosn, settling all class matters except for the question of the number of class members and the amount of the reasonable attorney fee.  *Cf.* DE 17 (Mediation Agreement signed by the parties and filed by Judge Aboulhosn).

2.      The terms of the Mediation Agreement were reasonable and favorable for the class members, as follows:

a.      Defendants agree to pay to each member of the class the sum of Ten Thousand, Two Hundred Fifty Dollars ($10,250.00), inclusive of attorneys' fees and costs. The members of the class will be determined upon further investigation and agreement of the parties.  If the parties can't agree as to the exact members of the class, then any member in dispute will be resolved by the District Court.

b.      Defendants agree to pay to class counsel an administrative fee of Thirty-Thousand Dollars ($30,000.00) to administer the settlement.

c.      Defendants agree to pay to David Jordan a class representative fee of Fifteen Thousand Dollars ($15,000.00).  This amount shall be in addition to his right to claim an individual member settlement amount.

d.      The parties agree that no County Commission fee is required as a part of this settlement as the parties settled the matter without the need of a trial however the County Commission is not precluded from bringing its own cause of action for said fee pursuant to the WARN Act. 29 U.S.C. Section 2104.

e.      The parties agree that the sums payable herein, shall be paid in a lump sum by the Defendant no later than six (6) months from November 29, 2016, i.e. May 29, 2017. The class members shall have no alter than November 30, 2017 to claim their individual class share.

3.      Subsequent to the entry of that agreement, Defense counsel and class members have notified the Plaintiff's counsel that the Defendants have, through their counsel, been

contacting numerous class members, and have reached settlement agreements with possibly as many as 18 of the class members for amounts that are substantially lower than the per capita damages award that the parties agreed upon in the signed Mediation Agreement.

4.     The Plaintiff asserts that such actions are not only injurious to the interests of the class, but they also constitute fraud on the Plaintiff and the class because the Defendants are intentionally seeking to undermine the Mediation Agreement that they had negotiated as to settlement of this class action.

5.     While it had been the intention of the Plaintiff to hold off on submitting the Mediation Agreement to the Court for approval until such time as the parties had reached agreement on the class size and the common fund, the Plaintiff regrettably feels compelled to come to the Court at this time and seek to halt the proliferation of these side agreements by invalidating those agreements.  Alternately, at a minimum, the Plaintiff would request that the Court enjoin the entry into force of those agreements until such time as the class members have the opportunity to receive and evaluate the written notice of the class-wide settlement negotiated by the Parties.

6.     The Plaintiff requests that this Court certify a class consisting of all full-time employees of Mechel Bluestone, or those of its affiliates or subsidiaries, who worked at the Coal Mountain Surface Mine No. 1 and were laid off, reduced-in-force, or terminated, from November 25, 2013 to December 30, 2013, or within a 90-day period encompassing those dates.

7.     The Parties engaged in negotiations as to the size of the proposed Class. Those negotiations have produced certain evidence regarding Class size, but a limited amount of additional discovery is necessary to resolve roughly two dozen outstanding class members. *See* Ex. 1 (Plaintiff's preliminary class list of 118 names provided by Defendants as putative class

members).

8.      The Plaintiff has completed discovery as to liability, and accordingly only requires a limited amount of additional time for discovery regarding the size of the class.

9.      The Plaintiff further requests that the Court make a finding, as a corollary to the enforcement of the Mediation Agreement, regarding the reasonableness of the requested attorney fee, so that the Court may be prepared to approve a comprehensive settlement agreement upon the conclusion of the final matter of class size following class discovery.

**WHEREFORE**, Plaintiff moves this Honorable Court pursuant to Rule 23 to:

(A)      Certify a class of all full-time employees of Mechel Bluestone, and its affiliates or subsidiaries, who worked at the mining site known as Coal Mountain in Wyoming County, West Virginia, and who were laid off, reduced-in-force, or terminated, from November 30, 2013 to December 30, 2013 or within a 90-day period encompassing those dates;

(B)      Pursuant to Fed. R. Civ. P. 23(e), declare to be void and unenforceable any side-settlement agreements entered by the Defendants settling this WARN Act class claim, and enjoin the Defendants from entering into further ex parte settlements with members of the agreed-upon and/or certified class;

(C)      Approve the attorney fee requested by the Plaintiff upon finding it to be reasonable on the record;

(D)      Allow 30 days for class discovery; and

(E)      Order notice to proposed Class Members.

Plaintiff,
**David Jordan,**
By counsel:

/s/ Samuel B. Petsonk

4

Samuel B. Petsonk (WVSB # 12418)
Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
(304) 344-3144
Fax: (304) 344-3145
Email: sam@msjlaw.org
        bren@msjlaw.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF  WEST VIRGINIA**
**BECKLEY DIVISION**

| | | |
|---|---|---|
| **DAVID JORDAN, individually and on** | ) | |
| **behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  5:16-cv-04413** |
| | ) | **Honorable Irene C. Berger** |
| **MECHEL BLUESTONE, INC.,** | ) | |
| **and** | ) | |
| **DYNAMIC ENERGY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I certify that I filed the **MOTION TO ENFORCE MEDIATION AGREEMENT,**

**ENJOIN EX PARTE SETTLEMENTS, CERTIFY CLASS, AND APPROVE LIMITED**

**CLASS DISCOVERY** today using the CM/ECF system which will send notification of such

filing to all CM/ECF participants, including John Hussell and Andrew Ellis.

/s/ Samuel B. Petsonk
Samuel B. Petsonk (WVSB # 12418)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
(304) 344-3144
(304) 344-3145 (fax)
sam@msjlaw.org
bren@msjlaw.org

Date: December 20, 2016