IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**DAVID JORDAN, individually and on
behalf of all others similarly situated,**

        **Plaintiff,**

**v.**                                 **CIVIL ACTION NO.  5:16-cv-04413**
                                                 **Honorable Judge Irene C. Berger**

**MECHEL BLUESTONE, INC.,
and
DYNAMIC ENERGY, INC.,**

        **Defendants.**

## MOTION TO ENFORCE SETTLEMENT

       NOW COMES the Plaintiff, after conferring repeatedly with the opposing parties and attempting unsuccessfully to secure their compliance with the prior settlement agreement in this case, and MOVES this Honorable Court to order Defendants to make the remainder of the payments due under the settlement, totaling $235,000.00, and for appropriate sanctions.  In support of this Motion, the Plaintiff states as follows:

       1.       Plaintiff filed this suit on May 17, 2016, before this Court.  (ECF 1).

       2.       On December 5, 2016, the parties reached a settlement of this matter.  The settlement terms were set forth in the Mediation Agreement. (ECF 17) (Mediation Agreement).

       3.       As this Court is aware, the Parties proceeded to engage in substantial litigation about the amount and terms of the sums due under the settlement agreement.

       4.       Through lengthy procedures before this Court and the U.S. Court of Appeals for the Fourth Circuit, the Parties had appeared to resolve all issues regarding the settlement.

       5.       On August 29, 2018, the Court of Appeals for the Fourth Circuit dismissed the appeal based on the terms agreed upon by the Parties.

6. On September 25, 2018, after conferring with the Defendants and securing their assent, the Plaintiff filed an Unopposed Motion to Approve Class Notice of Settlement and Claims Process. That Motion provided that the outstanding payments would be made by the Defendants such that the payments would be ready for distribution on November 1, 2018. (ECF 57).

7. On October 12, 2018, this Court granted the aforementioned Unopposed Motion. (ECF 58).

8. Thereafter, Class Counsel contacted Defendants' counsel to emphasize that the remainder of payments had become fully due, and that the payments must be made sufficiently far in advance of November 1, 2018 so that Class Counsel would have time to process the payments and prepare individual checks for the class members.

9. On Oct. 18, 2018, Defendants' counsel confirmed verbally that his clients were aware of and in discussions regarding their obligations (Ex. 1) (Oct. 19. 2018 e-mail from Sam Petsonk to Hussell) ("Thank you for confirming yesterday that you would contact your client today about securing the payment of the outstanding sums in the Jordan case. The payment is expected to come from your client to you by wire and then you will deliver a cashier's check for $235,500.00 to our office at 1217 Quarrier Street in Charleston or 223 Prince Street in Beckley. I have informed you that we intend to seek relief from the Court if that payment is not received by us as discussed.")

10. On October 23, 2018, the Defendants' counsel responded to the Class Counsel, stating that "I should know something by the end of the day today. My client is aware of the obligation and is working to come up with the money in a timely manner. I'll keep you posted."

(Ex. 1) (Oct. 23, 2018 e-mail from Bluestone's counsel John Hussell to class counsel, Mountain State Justice).

11.  The class's purpose for entering the settlement was to compensate these coal miners for the sudden disruption of their family lives and household incomes when Defendants laid them off.  As the result of this additional delay due to the nonpayment of the final settlement, the Plaintiff and class members have had to further defer any and all plans to spend the per capita awards on advancing their careers, seeking re-training, and other vital purposes.

12.  A daily sanction of $5,000.00 represents a reasonable mechanism for ensuring adherence to this settlement.  In other class settlements, these Defendants have agreed to daily sanctions of $1,000.00 per day for each unpaid items in a settlement agreement. (Ex.2) (mediation agreement in *Frank Treadway, et al. v. Bluestone Coal Corp., et al.*, Case 5:16-cv-12149); (Ex. 3) (mediation agreement in *Dougie Lester v. Pay Car Mining, Inc., et al.*, Case 5:17-cv-00740).  And yet, in those cases, the Defendants have nonetheless persisted in failing to pay the settlement on schedule.  Accordingly, a more stringent sanction appears reasonable in order to incent these Defendants to comply with the terms of a settlement agreement.

**WHEREFORE**, Plaintiff respectfully requests that this Court convene a status conference telephonically or in person, and order that Defendants comply with the settlement terms set forth above by making the outstanding $235,000.00 payment as soon as possible.  Plaintiff further requests that he be awarded the reasonable fees and costs associated with effectuating the settlement agreement, penalties of $5,000.00 per day running from November 1, 2018 until the date that the payment is received, and such other relief that the Court deems equitable and just.

**Plaintiff,**
**David Jordan,**

**By counsel,**

/s/ Samuel B. Petsonk_____
Samuel B. Petsonk (WVSB # 12418)
Mountain State Justice, Inc.
223 Prince Street
Beckley, WV 25801
(681) 207-7510 (phone)
(681) 207-7513 (fax)
sam@msjlaw.org
bren@msjlaw.org