IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**DAVID JORDAN, individually and on
behalf of all others similarly situated,**

    **Plaintiff,**

v.                 CIVIL ACTION NO. 5:16-cv-04413
                    Honorable Judge Irene C. Berger

**MECHEL BLUESTONE, INC.,
and
DYNAMIC ENERGY, INC.,**

    **Defendants.**

## FINAL SETTLEMENT APPROVAL ORDER

  The Court has reviewed the *Plaintiff's Motion to Approve Class Membership and Class Notice* (Document 35), the *Defendants' Response to Plaintiff's Motion to Approve Class Membership and Class Notice* (Document 36), and the *Plaintiff's Reply to Response to Motion to Approve Class Membership and Class Notice* (Document 38), as well as *Plaintiff's Motion to Enforce Settlement* (Document 59) and *Defendants' Response to Motion to Enforce Settlement* (Document 61). Pursuant to the Orders issued by this Court Approving Class Settlement (Document 43) and Approving Class Membership and Claims Process (Document 58), and based on the Court's review of the record in this matter, the Court issues this Order Approving Final Settlement.

  **I. PROCEDURAL BACKGROUND**

On March 29, 2018, this Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) and preliminarily approved the settlement. The parties had previously mediated the case with the assistance of the Honorable Omar Aboulhosn, achieving success when they entered a Mediation Agreement on December 5, 2016. (ECF 88). Within weeks, a

1

dispute arose between the parties as to whether the employees of Justice Highwall Mining at the Coal Mountain Site were to be included in the settlement, and whether the Defendants had the right to offer $8,000.00 side-settlements to Coal Mountain miners after the entry of the Mediation Agreement. Substantial litigation ensued to address that dispute.

On April 25, 2018, this Court held a final settlement hearing. In that hearing, the Court heard the positions of the parties and verbally approved a proposed settlement for the 45 miners who did not accept side settlements, which was to be fully paid within thirty days---i.e. by May 25, 2018. (Document 45). On April 27, 2018, the Plaintiff submitted a proposed Notice of Class Action Settlement and Claims Process. On April 30, 2018, the Plaintiff filed a Notice of Appeal on a limited issue to attempt to secure relief for the 74 miners who received side settlements from Bluestone that were $2,250.00 less than the per-capita amount provided in the Mediation Agreement. On August 28, 2018, Bluestone agreed to pay $10,000.00 to settle the appeal. However, Bluestone did not make payment of the settlement sums. On October 26, 2018, the Plaintiff filed a Motion to Enforce Settlement Agreement (Document 59). On October 30, 2018, this Court ordered the Defendants to respond to Plaintiff's Motion to Enforce by November 1, 2018. (Document 58). On November 1, 2018, the Defendants responded and indicated that they would make payment of the full outstanding sums in two installments of $117,500.00 on November 2, 2018, and $117,500.00 on November 16, 2018. (Document 61).

This Court has reviewed the final terms of the settlement, as follows:

    (a)    Each of the forty-five (45) miners listed on Exhibit A receives $9,100.00.

    (b)    Each of the seventy-four (74) miners listed on Exhibit B receives $135.13.

(c) The class representative receives a payment of fifteen thousand dollars ($15,000.00) for serving as the class representative and advocating for the class throughout this litigation.

(d) Plaintiff's counsel, Mountain State Justice, receives attorney's fees in the amount of one thousand, one hundred fifty dollars ($1,150.00) for each of the forty-five miners listed on Exhibit A but not anything for any of the 74 miners listed on Exhibit B, in order to compensate Mountain State Justice for litigating these claims, defeating Bluestone's Motion to Dismiss all of the WARN Act claims for Coal Mountain, and for securing the settlement of these WARN Act claims for the Coal Mountain miners.

(e) Class counsel receives thirty thousand dollars ($30,000.00) to administer the class action settlement---that is, to process the payments and manage the settlement distribution.

(f) Any unclaimed portion of the settlement proceeds will be distributed to a charitable or public program in Wyoming County, West Virginia.

The Plaintiff has submitted a revised Final Class Notice to reflect the final payment of the settlement by Defendants, providing that 119 class members may begin to retrieve their awards on or after November 26, 2018 at the offices of Mountain State Justice, Inc., in Beckley, West Virginia.

**II.  LEGAL STANDARD**

Rule 23(e) governs the compromise and settlement of class action matters. When a proposed classwide settlement is reached, it must be submitted to the court for approval. In addition, class members must be notified of the proposed settlement, so that members have the opportunity to object to settlement in a scheduled hearing.

Rule 23(e) provides: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all

members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e). This rule requires a court to independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished. *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995); *Air Line Stewards and Stewardesses Ass'n, Local 550, TWU, AFL-CIO v. American Airlines, Inc.*, 763 F.2d 875 (7th Cir. 1985); *cf.* 2 Newberg & Conte on Class Actions § 11.41, at 11-88 to 11-89.

"Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members. [T]he court cannot accept a settlement that the proponents have not shown to be fair, reasonable and adequate." *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir.) (emphasis added), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir.1983); *Sala v. National RR Passenger Corp.*, 721 F.Supp. 80 (E.D.Pa.1989); *see also Piambino v. Bailey*, 610 F.2d 1306 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980).

The U.S. Supreme Court has noted with reference to court approval of class action settlements:

> Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157 [(1968)]. They do not decide the merits of the case or resolve unsettled legal questions.

*Carson v. American Brands, Inc.*, 450 U.S. 79, 88, n. 14, 101 S. Ct. 993 [(1981)].

**Presumption of fairness.** There is an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval. *See e.g. In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability*

4

*Litigation*, 55 F.3d 768, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995). Approval of a proposed settlement is discretionary with the court. However, the court should not give rubber-stamp approval.

The initial presumption of fairness of a class settlement may be established by showing:

1. That the settlement has been arrived at by arm's-length bargaining;

2. That sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently;

3. That the proponents of the settlement are counsel experienced in similar litigation; and

4. That the number of objectors or interests they represent is not large when compared to the class as a whole.

*See id.*

**Procedural aspects of Rule 23(e).** Procedurally, Rule 23(e) provides for the following:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

### III. DISCUSSION

The Court hereby incorporates its discussion and analysis from its prior Memorandum Opinion and Order (ECF 43), approving the class as set forth in the mediation agreement and finding that the class is comprised of the 118 members as proposed by the Plaintiff (ECF 35-1), plus the additional member stipulated by the parties and paid by the Defendants as one of the side-settlers who was not originally specified in the class definition. The final list of class members is set forth in Exhibits A and B to the Final Class Notice.

The Court has reviewed the proposed Notice and the Plaintiff's proposed means of distributing the Notice by U.S. Mail to the class members, and FINDS that these are reasonably calculated, under all the circumstances, to deliver notice to the class members regarding the required information about the terms of the settlement and the means by which the class members may claim the proceeds of the settlement. At the hearing, the Court also reviewed the class counsel's efforts to provide notice of the Final Settlement Hearing and, finding that effective notice was delivered by U.S. Mail to the class, the Court FINDS that the class has been afforded a reasonable opportunity to object to the settlement.

IT IS HEREBY ORDERED that Defendants shall make a final payment to Mountain State Justice, Inc. by cashier's check in the amount of $117,500.00 on or before the date of November 16, 2018, that---if that payment is timely made by Defendants---the class members shall have from November 26, 2018 to April 30, 2019 to claim the awards, and that any of the individual awards that are unclaimed following April 30, 2019 shall be tendered by Class Counsel to the Wyoming County Commission to be used for the benefit of the area around Coal Mountain.

IT IS HEREBY FURTHER ORDERED that the proposed Notice of Final Settlement and Claims Process be approved and issued forthwith by the class counsel by U.S. Mail to the 119 individuals set forth in Exhibits A and B to the Final Class Notice. Finally, it is ORDERED that this matter be DISMISSED and removed from the Court's docket.

ENTER: November 19, 2018

                                               IRENE C. BERGER
                                               UNITED STATES DISTRICT JUDGE
                                               SOUTHERN DISTRICT OF WEST VIRGINIA

Prepared By:

/s/ SAMUEL B. PETSONK
Samuel B. Petsonk (WVSB # 12418)
Bren Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
223 Prince Street
Beckley, WV 25801
(681) 207-7510
(681) 207-7513 (fax)